```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN

CHRIS CARTY,                      )
                                  )
          Petitioner,             )
                                  )
     v.                           )     Civil No. 2015-61
                                  )
GILBERT DAVID, in his capacity    )
as Prison Warden,                 )
                                  )
          Respondent.             )
                                  )
```

APPEARANCES:

**Chris Carty**
Pound, VA
    *Pro se petitioner,*

**Claude E. Walker, AG**
**Pamela R Tepper, AAG**
**Su-Layne U. Walker, AAG**
V.I. Department of Justice
St. Thomas, U.S.V.I.
    *For the Gilbert David,*

## ORDER

**GÓMEZ, J.**

    Before the Court is the request of Chris Carty ("Carty") for a temporary restraining order.

    Carty was convicted of several territorial crimes in the Superior Court of the Virgin Islands. The Supreme Court of the Virgin Islands affirmed Carty's conviction and judgment. Carty subsequently sought habeas corpus relief pursuant to 5 V.I.C. § 1301. The Superior Court of the Virgin Islands denied Carty's

Carty v. David
Civ. No. 2015-61
Order
Page 2

petition. Thereafter, on August 18, 2015, Carty filed a 28 U.S.C. § 2254 petition with this Court.

On May 5, 2016, Carty moved for a temporary restraining order or preliminary injunction. In his motion, Carty alleges that he is being denied access to Virgin Islands legal material in violation of his Fourteenth Amendment rights.

A temporary restraining order may be issued without notice to an adverse party or her attorney only if the petitioner avers to specific facts in a verified complaint or affidavit "that clearly shows that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Additionally, the petitioner must show: (1) a reasonable probability of success on the merits; (2) irreparable injury will occur to the movant if relief is not granted; (3) less harm will result to the non-movant if the relief is granted than to the movant if the relief is not granted; and (4) the public interest, if any, weighs in favor of the movant. *Gerardi v. Pelullo*, 16 F.3d 1363, 1373 (3d Cir. 1994) (describing factors for issuing preliminary injunction); *see also Bieros v. Nicola*, 857 F. Supp. 455, 456 (E.D. Pa. 1994) (noting that the standards for issuing a temporary restraining order are identical to those for the issuance of a preliminary injunction).

The United States Constitution guarantees inmates the right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). With that right, comes a duty on the part of prison officials to provide inmates with access to legal materials. *See id.* at 830. An inmate may not, however, demonstrate that his constitutional rights were violated "simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Rather, an inmate

> must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

*Id.*

The premises considered; it is hereby

**ORDERED** that the motion for a temporary restraining order is **DENIED.**

S\_____
**Curtis V. Gómez
District Judge**